IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KARRI JOHNSON and SCOTT JOHNSON,

        Plaintiffs,

vs.

WESLEY MEDICAL CENTER, LLC; and
TRUSTMARK LIFE INSURANCE
COMPANY and/or TRUSTMARK
INSURANCE COMPANY, d/b/a FISERV
HEALTH,

        Defendants.

Case No. 07-1252-JTM

MEMORANDUM AND ORDER

     Plaintiffs Karri and Scott Johnson have brought the present action seeking a review of the denial of benefits under the employer-provided health insurance plan of Anesthesia Consulting Service, Scott Johnson's employer. The Johnsons' son was injured in a motor vehicle accident on or about August 7, 2005. He was initially transported to Wesley Medical Center, a non-preferred provider under the Plan. After being stabilized, he was transferred for further treatment to Via Christi Medical Center, a preferred provider. The Johnsons submitted a request for reimbursement of medical expenses for the treatment which was denied by the Plan. The Johnsons then filed a complaint with the Department of Insurance and the Complaint in the present action. The Johnsons did not file any appeal with the Plan over the denial, and defendant Trustmark Life Insurance

Company and/or Trustmark Insurance Company, d/b/a Fiserv Health has moved to stay the matter pending an administrative review.

The Johnsons have not challenged any of the facts set forth in defendant's Statement of Facts. Those facts establish that Anesthesia Consulting Service sponsored a group health plan which provided its participants and beneficiaries, including plaintiffs and their dependents, with health care benefits as provided in the Plan. The Plan, Policy Number 03260, is regulated by ERISA and ERISA controls the resolution of plaintiffs' claims in this lawsuit.

The Plan provides that Plan participants must submit claim information as required by the Plan Administrator and that all claims are subject to the claim review process. The Plan provides: "Written notice of claim must be given to Us within 90 days after the loss starts." (Def. Exh. A, at 50.) The Plan vests Trustmark or its designees with discretionary authority to make benefits decisions and interpret the Plan. The Plan provides: "Benefits under this Certificate will be paid only if We decide, in Our discretion, that the applicant is entitled to them." (Id. at 51.)

The claim review process provides that a beneficiary has two levels of appeal of a denial of benefits and provides a time limit within which such appeals must be made. "Any appeal or grievance of a decision must be made within 180 days of receiving the decision. Once a decision has been appealed in a Level I, and Level II appeal, no further appeals are available, except as may be required by law."
(Id. at 55).

The Plan sets forth detailed grievance procedures for Kansas residents. In a First Level Grievance Review, Plan participants may submit a written request for a formal grievance review if they have a complaint about Trustmark's decisions, policies, or actions related to coverage of health

care services, claims payment or handling. Participants, would they feel the First Level decision did not comply with the terms of the certificate, may ask for a Second Level Grievance Review, and then for an External Review by an independent review organization. A request for an External Review must be within 90 days after the date of notice of the final adverse determination.

> The Plan provides:
>
> You are not required to exhaust all levels of grievance review prior to requesting an External Review upon the occurrence of any of the following:
>
> • Our failure to make a decision on a final internal grievance within the 60 day time frame required;
> • Our mutual agreement with You to bypass the internal grievance procedure;
> • A medical condition which seriously jeopardizes Your life or health; or
> • Your death.

(Id. at 57.)

Wesley Medical Center billed the Johnsons $233,408.03 for their son's 48 hour hospitalization. The Johnsons submitted these claims to Trustmark for these charges, which denied some of the charges. The Johnsons did not file any appeal of this denial, but did file a complaint with the Department of Insurance on December 7, 2006, and the Complaint in this case against Wesley Medical Center and Trustmark on July 16, 2007.

The Johnsons argue that the court should not stay the matter for several reasons. First, they contend that there is no real exhaustion requirement under the Plan, since the Plan states that "all grievance procedures are voluntary." (Def. Exh. A, at 57). Second, they contend no exhaustion was required due to exceptions contained within the Plan. Finally, they contend that the court should decline as a discretionary matter, citing decisions in which courts have declined to require exhaustion.

The plaintiffs' interpretations of the Plan are not convincing. The cited language from the Plan merely establishes that the Plan does not itself force Participants to engage in the grievance procedure; it does not detract from the strong policy implicit in ERISA policy and recognized by the courts, requiring administrative exhaustion. *See Whitehead v. Okla. Gas & Elec. Co.,* 187 F.3d 1184, 1190 (10th Cir.1999) (*quoting Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir.1990)); *see also McGraw v. Prudential Ins. Co.*, 137 F.3d 1253, 1263 (10th Cir.1998). Indeed, such permissive language has been rejected as a basis for avoiding the exhaustion requirement. *Guerrero v. Lumbermans' Mut. Cas. Co.*, 174 F.Supp.2d 1218, 1222 (D. Kan. 2001).

Second, the exceptions cited by the plaintiffs — the danger to health exception and the "mutual agreement" exception — clearly do not support waiver of the exhaustion requirement. With respect to the first, plaintiffs misread the Plan. The exception in the Plan applies if the serious health condition *prevents* compliance with the procedures for External Review. Even if, as plaintiffs assert, the patient's "life and health hung in the balance during his hospitalization at Wesley," (Resp. at 3), the patient was in Wesley for 48 hours, and the Plan provides for 90 days after the first denial of the claim to request an External Review. Plaintiffs have made no showing of any life-threatening condition which would have prevented them from requesting an external review in the months subsequent to the accident.

Similarly the "mutual agreement" exception is inapplicable. Plaintiffs attempt to create such an agreement out of the mere fact that defendants filed a response to their complaint with the Department of Insurance. But that response was filed after the plaintiffs had unilaterally abandoned the grievance process. The key word in the Plan's exception here is "mutual," and nothing in the circumstances of the case shows that the defendant intended its response as anything other than

Case 6:07-cv-01252-JTM-DWB   Document 17   Filed 12/17/07   Page 5 of 5

purely that, as a response to a complaint against them, initiated unilaterally by the plaintiffs. The strong ERISA policy favoring exhaustion cannot be circumvented by such an overly expansive view of a "mutual agreement" to waive internal grievance.

Finally, plaintiffs note that courts have sometimes declined to require exhaustion. In *McGraw*, the court held exhaustion was not required on the grounds of futility, but McGraw is clearly an exceptional case. The court itself stressed that "the futility exception is limited to those instances where resort to administrative remedies is *clearly useless*." 137 F.3d at 1264 (internal quotation omitted, emphasis added). The *McGraw* court stressed that the case before it is distinguishable from other cases because of the very extensive factual record, and that ultimately "[o]ur odyssey through this record makes clear" that the defendant would not have reached any different conclusion with further administrative review.

In the present case, by contrast, there is no evidence before the court whatsoever which would support a conclusion that further *independent* review would be a futility. Plaintiff's opposition to the Motion to Stay consists solely of argument, and presents no evidence of futility. The court cannot conclude that this case is one of the few in which further administrative review would be clearly useless.

IT IS ACCORDINGLY ORDERED this 17th day of December 2007, that the defendant's Motion to Stay (Dkt. No. 10) is hereby granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE